UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Demetrius Jarod Smalls, #286806, | ) | C/A No. 2:15-2782-RMG-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Warden, Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C.A. § 2254. The petition was filed in forma pauperis under 28 U.S.C.A. § 1915. The petition is before the Court pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(c) (D.S.C.). After careful review, the Court finds the petition should be summarily dismissed without prejudice, and without requiring Respondent to file a return.

**Facts and Procedural History**

Petitioner is an inmate in the South Carolina Department of Corrections. In 2005, Petitioner pled guilty to two counts of armed robbery, assault and battery with intent to kill, and kidnapping, and was sentenced to an aggregate term of twenty-five years' imprisonment. No direct appeal was taken. In 2010, Petitioner's first application for post-conviction relief (PCR) was granted as to Petitioner's request for a belated review of his direct appeal issues pursuant to White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974). On a writ of certiorari from the order granting Petitioner's request for a belated review of his direct appeal issues, the South Carolina Court of Appeals denied the petition, finding the PCR judge's finding that Petitioner did not knowingly and intelligently waive his right to direct appeal was not supported by the evidence. Petitioner's second PCR application was summarily dismissed without a hearing on June 2, 2015. Petitioner's third PCR application, filed on March 21, 2014, is currently pending in state circuit court.

Petitioner filed his first petition for a writ of habeas corpus pursuant to § 2254 in this Court in 2013. Smalls v. McFadden, Civ. A. No.: 2:13-02651-RMG. In that matter, Petitioner's grounds for relief were (1) fraud in prior cases related to traffic violations, (2) misrepresentations by the solicitor and police in affecting his arrest, (3) and ineffective assistance of counsel. The final order from that matter indicates the petition was dismissed because it was filed outside of the statute of limitations under 28 U.S.C.A. § 2244(d).[1] Petitioner now files this petition for a writ of habeas corpus pursuant to § 2254, alleging ineffective assistance of trial counsel.[2]

## Analysis

Under established local procedure in this judicial district, a careful review has been made of the pro se petition for a writ of habeas corpus filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This Court is required to construe pro se petitions liberally. See

---

[1] The Court also found Petitioner's substantive claims to be without merit. The United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal on March 17, 2015. See Smalls v. McFadden, No. 14-7620 (4th Cir. Mar. 17, 2015).

[2] Petitioner relies on Martinez v. Ryan, 132 S.Ct. 1309 (2012), which allows a federal court to review the constitutionality of a state prisoner's conviction and sentence, even where the state claim is barred under the state's procedural rules, if the petitioner's counsel in his initial-review collateral proceeding was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984), and the petitioner can demonstrate that the underlying ineffective assistance of counsel claim has some merit.

Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such pro se petitions are held to a less stringent standard than those drafted by attorneys, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). Even under this less stringent standard, however, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

The Court finds the petition for a writ of habeas corpus should be dismissed because the petition is successive, and Petitioner has not been granted permission by the Fourth Circuit to file a second or successive petition for a writ of habeas corpus. See 28 U.S.C.A. § 2244(b)(3)(A) (2006) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); see also Rule 9, Rules Governing Section 2254 Cases in the United States District Courts.

The "AEDPA does not define 'second or successive.'" United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). "[I]t is well settled that the phrase ['second or successive'] does not simply refer to all § 2254 applications filed second or successively in time." Magwood v. Patterson, 561 U.S. 320, 332 (2010) (internal quotation marks and citations omitted). "In order to qualify as a successive petition, the dismissal of the first habeas petition must be on the merits." Harvey v. Horan, 278 F.3d 370, 379 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 131

S. Ct. 1289 (2011) (citing Slack v. McDaniel, 529 U.S. 473, 485-89 (2000)). Petitioner's first §
2254 petition was adjudicated on the merits because the Court found the petition was filed after the
statute of limitations had run. See Harvey, 278 F.3d at 380; Murray v. Greiner, 394 F.3d 78, 81 (2d
Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year
statute of limitations constitutes an adjudication on the merits that renders future petitions under §
2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); Epps v.
McCall, Civ. A. No. 1:13-cv-873-RMG, 2013 WL 2897016 *1 (D.S.C. June 13, 2013) ("To be
considered 'successive,' the second or subsequent petition must be an attack on the same conviction
attacked in the first petition, and the first petition must have been adjudicated on the merits." (citing
In re Williams, 444 F.3d 233, 236 (4th Cir. 2006))).

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a
second or successive application permitted by this section is filed in the district court, . . . move in
the appropriate court of appeals for an order authorizing the district court to consider the
application." 28 U.S.C. § 2244(b)(3)(A); see also Gonzalez v. Crosby, 545 U.S. 524, 530 (2005)
("[B]efore the district court may accept a successive petition for filing, the court of appeals must
determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s
new-rule or actual-innocence provisions." (citing 28 U.S.C. § 2244(b)(3))). Thus, Petitioner must
first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court
will consider any second or successive petition under 28 U.S.C. § 2254.

Petitioner has not shown that he has obtained the permission of the United States Court of
Appeals for the Fourth Circuit to file a successive petition. Petitioner's unauthorized, successive
petition must be dismissed. See Burton v. Stewart, 549 U.S. 793, 799 (2007) (holding that failure

of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition).

**Conclusion**

Accordingly, it is RECOMMENDED that the petition for a writ of habeas corpus in the above-captioned case be dismissed without prejudice and without requiring Respondent to file an answer or return. It is also RECOMMENDED that a certificate of appealability be denied.[3] Petitioner's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 15, 2015
Charleston, South Carolina

---

[3]A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-85 (4th Cir. 2001). In this case, the undersigned recommends concluding that the standard for the issuance of a certificate of appealability has not been met.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Rule 72, Federal Rules of Civil Procedure, advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).